Richard L. **PERRY**, Plaintiff—
Appellant,

v.

Matthew C. **KRAMER**; et al.,
Defendants—Appellees.

No. 03–15833.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Jan. 13, 2005.

Richard L. Perry, San Pedro, CA, pro
se.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

California state prisoner Richard L. Perry appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

 The district court properly dismissed Perry's claim that defendants acted with deliberate indifference when they required him to lie in the prone position during emergency situations because the facts as alleged do not rise to the level of an Eighth Amendment violation. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992).

 The district court properly dismissed Perry's retaliation claim because Perry failed to allege that defendants retaliated against him for filing his prison grievance, his action in district court, or performing any other protected act. *See Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam). Perry also failed to allege that his constitutional rights were chilled by defendants because he was able to timely pursue his prison grievance through the highest level and timely file his action in district court. *Cf. Rhodes v. Robinson*, 380 F.3d 1123, 1130–31 (9th Cir.2004).

** This disposition is not appropriate for publication and may not be cited to or by the

 Perry's contention that prison guards verbally abused him by cursing at him fails to state a claim under section 1983. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.1996).

 Perry's claims against Kramer and Prosper also fail because Perry did not allege that they either personally participated in or knew of the alleged constitutional deprivation. *See Mabe v. San Bernardino County*, 237 F.3d 1101, 1109 (9th Cir.2001).

**AFFIRMED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.